435 So.2d 1162 (1983)
Stephen J. LEMELLE, Plaintiff-Appellant,
v.
STATE of Louisiana, Through the BOARD OF SECONDARY & ELEMENTARY EDUCATION, et al., Defendants-Appellees.
No. 83-168.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1983.
*1163 Hornsby & Landry, Lucius A. Hornsby, Jr., Lafayette, for plaintiff-appellant.
Roy A. Mongrue, Jr., Asst. Atty. Gen., Baton Rouge, N. Marcey Lyons, Crowley, for defendants-appellees.
Before DOMENGEAUX, CUTRER and STOKER, JJ.
STOKER, Judge.
Plaintiff, Stephen Lemelle, appeals from the trial court's dismissal of his suit for damages against the State of Louisiana, through the Board of Secondary & Elementary Education; the Southwest Louisiana Vocational-Technical School (Vo-Tech); two of its instructors, Darrel Boullion and Haywood Hollier; and one of its students, Ronald Sarver.
Lemelle, a former student at Vo-Tech, severely injured his left knee when a sheet of steel he and Sarver were moving fell on him. The issues on appeal are whether the trial court erred in finding all defendants free from negligence and in finding that Lemelle's negligence was the sole proximate cause of his injury. The trial judge gave judgment in favor of all defendants at plaintiff's cost. We affirm.

FACTS
On Monday, January 24, 1978, Lemelle and Sarver were students at Vo-Tech studying welding. An accident occurred as they attempted to carry a sheet of steel from one point in the welding shop to another. The steel was 2' × 8' × 3/8" and weighed 200 to 250 pounds. It had been received at the shop the previous Friday and was placed on blocks near a door. Lemelle was walking backwards carrying one end of the steel and tripped. He fell and the steel fell on his knee. These basic facts concerning the accident are undisputed. The circumstances leading up to and surrounding the accident are the basis of this dispute.
Lemelle claims that on the morning of the accident Sarver approached him and informed him that Hollier wanted the steel to be moved. Lemelle says that he assisted Sarver in moving several sheets of steel and on the fourth or fifth one he tripped over a piece of iron on the floor causing his injury.
Sarver testified that Lemelle approached him that morning and asked for assistance in moving the steel to the burning table or sawhorses to be cut. Sarver did not see what caused Lemelle to trip and testified further that he had no knowledge of why Lemelle tripped. Sarver stated that they only moved the one piece of steel.
Hollier testified that just after the 8:30 a.m. roll call that day, he asked Lemelle to cut the steel in three pieces so that it could be picked up and stacked with other pieces of steel in the shop. He claims to have seen nothing of the moving activity until he was told that there had been an accident. Upon approaching Lemelle who was sitting on the ground after falling, Hollier claims that Lemelle expressed remorse at not having followed his instructions.

NEGLIGENCE
The trial judge found that Lemelle had been requested by Hollier to cut the steel, but for reasons of his own decided instead to move it with the assistance of Sarver. Lemelle's actions in walking backwards carrying the heavy steel in a shop where he knew there was often scrap metal on the floor were found by the trial judge to constitute gross negligence which was the sole proximate cause of the accident.
The primary basis of Lemelle's claim on appeal is that his activities were not properly supervised. He cites as authority Green v. Orleans Parish School Board, 365 So.2d 834 (La.App. 4th Cir.1978), writ denied 367 So.2d 393 (La.1979), in which the court held: "A teacher has the duty to conduct his *1164 classes so as not to expose his students to an unreasonable risk of injury."
There is no dispute in this case that the moving of a sheet of steel the size of the one involved is a dangerous activity. Lemelle argues that even if Hollier intended that the steel be cut before it was moved, the activity was sufficiently dangerous to require supervision. Had this supervision been provided, the moving activity would have been observed and prevented. We disagree.
Lemelle had been a student at Vo-Tech for more than six months at the time of the accident. He had been given instructions regarding the use of the acetylene torch as one of his first activities at the school. As a twenty-nine-year-old mature adult, he should have been able to carry out Hollier's instructions to cut the metal without the need of supervision.
We do not reach the question of whether supervision would have been required if Lemelle had been instructed to move the steel. The trial judge accepted Hollier's version of the events leading up to the accident and this determination is not clearly wrong. Hollier's version was corroborated by the other instructor in the school and a student. Other students who testified made it clear that the normal procedure would have been to cut the steel and then move it. It is also clear from the evidence that the steel could have been cut on the blocks where it sat before Lemelle attempted to move it.
The trial judge correctly concluded that Lemelle's negligence was the sole cause of his accident.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.